UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


STATE FARM FIRE AND CASUALTY
COMPANY AS SUBROGEE AND/OF       CIVIL ACTION
ADRIAN HERNANDEZ
                                 NUMBER 08-765-FJP-DLD
VERSUS

TARGET CORPORATION


## **RULING**

This matter is before the Court on the cross-motions for
summary judgment filed by Target Corporation (hereinafter
"Target")[1] and Third Party Defendants Inliten, L.L.C. (hereinafter
"Inliten") and National Fire Insurance Company of Hartford (CNA
Insurance Company)(hereinafter "Hartford").[2] For the reasons which
follow, the Court finds that Target's motion for summary judgment
should be granted and Inliten and Hartford's motion for summary
judgment should be denied.[3]

---

[1]Rec. Doc. No. 34.

[2]Rec. Doc. No. 33.  Although the Court's recusal list has
Hartford Insurance and its subsidiary companies on it, the Court,
out of an abundance of caution, requested the parties to advise
the Court whether National Fire Insurance of Hartford was part of
the Hartford Companies set forth on the Court's recusal list.
The parties have advised the Court that National Fire Insurance
Company of Hartford is not part of the Hartford Companies on the
Court's recusal list.

[3]The Court has considered all of the contentions of the
partes whether specifically discussed herein or not.

Doc#47164

## I.  Factual Background

This suit arises out of a fire which occurred on December 24, 2007, at the home of Adrien Hernandez (hereinafter "Hernandez"), one of the original plaintiffs[4] in this suit.  The fire apparently ignited in the area of the Christmas tree which had been partially decorated with mini lights purchased from a Target store.  The original state court suit filed by Hernandez alleged that the lights which had been placed on the tree were subject to a recall due to shock and fire hazards.  Hernandez contended in the original suit that these lights malfunctioned causing the fire.  The complaint made general allegations of negligence against Target under the Louisiana Products Liability Act (LPLA).[5]

Target timely removed this matter to federal court[6] and filed third party demands against All Bright Int (HK) Ltd. ("All Bright"), Inliten, Kingsun Metals and Plastics Mfg. Co., Ltd. ("Kingsun"), and their insurers seeking to have these parties defend it for indemnification.  Each of these three companies were potential manufacturers of the Target lights in question on the

---

[4]The original plaintiffs were Adrien Hernandez and State Farm Fire & Casualty Company.  For ease of reading this opinion, the Court will refer to these two parties as plaintiffs or Hernandez.

[5]La. Revised Statute § 9:2800.51, et seq.

[6]Once the suit was removed from state court, the Federal Rules of Civil Procedure apply.  Hence, there are time when the original suit is called a petition and later a complaint.

tree at the time of the fire.  Inliten was eventually identified as the manufacturer of the mini blue lights at issue.

It was determined after an investigation that the lights on the tree were in fact not subject to any known recall.  In addition, there was no evidence available to determine which set of lights on the tree was defective.  Thus, State Farm and Hernandez agreed to voluntarily dismiss all of their claims with prejudice. The only remaining claims before the Court are Target's claims for indemnification and for the cost of defense against Inliten and Hartford under the agreement between Target and Inliten and Target's status as an additional insured under the Hartford insurance policy.

## II.  Law and Analysis

### A.   Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[7]  The Supreme Court has interpreted the plain language of Rule 56© to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's

---

[7]Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

case, and on which that party will bear the burden of proof at trial."[8]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[9]  If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[10]

If the moving party meets this burden, Rule 56© requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[11]  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[12]  Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory

---

[8]*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  See also *Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[9]*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting *Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

[10]*Id.* at 1075.

[11]*Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[12]*Little*, 37 F.3d at 1075;  *Wallace*, 80 F.3d at 1047.

facts."[13]  The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[14]  Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[15]

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[16]  The Court now turns to a discussion of the parties' claims which requires the Court to determine whether the contract at issue in this case requires Inliten to indemnify it and whether Hartford is responsible for the costs incurred by Target in defending this suit when Hartford and Inliten refused to defend it.

**B.    The Contract Language**

The Court now turns to a discussion of the meaning of the

---

[13]*Wallace*, 80 F.3d at 1048 (quoting *Little*, 37 F.3d at 1075).  *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[14]*McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir. 1995).

[15]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

[16]*Id.* at 248, 106 S.Ct. at 2510.

contract between Target and Inliten.  The contractual relationship between Target and Inliten is governed by Target's Partners Online Agreement and the Conditions of Contract.  Paragraph 10 of the contract provides, in relevant part, as follows:[17]

> Defense, Indemnification.  Vendor shall defend, indemnify and hold harmless Purchaser, its parent, affiliates, agents and employees, from and against any and all liability, claims, suits, actions, losses and expenses, including costs and attorney fees, relating to or arising out of any claim or demand of any kind or nature ... any other person (including employees or agents or Vendor), whether in privity to Purchaser or not, may make against Purchaser, based upon or arising out of the manufacture, delivery, ticketing, labeling, packaging, placement, promotion, sale or use of the Goods, or Vendor's performance of or failure to perform in accordance with the terms of this Contract (including, but not limited to, Vendor's obligation to indemnify Purchaser as provided herein), whether based on claim of breach of express or implied warranty, workers' compensation, or any other legal theory of liability, or if brought as a class action or not. ... It is the intent of the parties hereto that all indemnity obligations be without limit, without regard as to whether or not Purchaser furnishes specifications or inspects the Goods, and without regard as to the negligence of any party or parties, whether such negligence be sole, joint or concurrent, active or passive.

Paragraph 15 of the contract requires Inliten to maintain commercial general liability insurance including coverage for indemnification obligations and requires that Target be named an

---

[17]Rec. Doc. No. 34-3 (Exhibit A).

additional insured under the policy. During the relevant time involved in this case, Inliten was insured by Hartford under a National Fire Insurance of Hartford Policy # 2088022418. The supplementary payments portion of the policy provides in part as follows with regard to providing a defense to an indemnitee:

> If we defend an insured against a "suit" and an indemnitee of the insured is also named as a party to the "suit," we will defend that indemnitee if all of the following conditions are met:
>
> a. The "suit" against the indemnitee seeks damages for which the insured has assumed the liability of the indemnitee in a contract or agreement that is an "insured contract";
> b. This insurance applies to such liability assumed by the insured;
> c. The obligation to defend, or the cost of the defense of, that indemnitee, has also been assumed by the insured in the same "insured contract";
> d. The allegations in the "suit" and the information we know about the "occurrence" are such that no conflict appears to exist between the interests of the insured and the interests of the indemnitee;
> e. The indemnitee and the insured ask us to conduct and control the defense of that indemnitee against such "suit" and agree that we can assign the same counsel to defend the insured and the indemnitee; and ...

Based upon the above contract provisions, Target demanded that Inliten and Hartford provide it with a defense and indemnification from the claims of the original plaintiffs. The tender was denied by Hartford and Inliten on June 22, 2009. Target then incurred legal and other costs when defending itself against the claims of the original plaintiffs. As noted earlier, the original plaintiffs dismissed their suit against Target and the other defendants. It is the costs of defending this action that Target now seeks to

recover from Hartford and Inliten.

### C. The Parties' Contentions

Target contends that under the retailing product agreement, Inliten agreed to warrant its products throughout the sale and usage by the eventual consumer. As part of this contract, Target argues that Inliten assumed the risk that its product may give rise to litigation against Target and Inliten agreed that it would bear the same risk for any litigation involving its product. Target further argues that the indemnity agreement contains absolutely no limiting language regarding the nature of the suit or the fault of any parties. In short, Target's position is that the indemnity obligation was based solely on a suit resulting from the sale or use of Inliten's product.

According to Target, the lawsuit filed by the original plaintiffs in this case falls directly within the contractual indemnity provisions of the contract. Target states that the suit filed by the original plaintiffs was based in part on the allegation that the Inliten product which had been placed on the tree was defective and caused a fire which damaged the Hernandez home. Target contends that the fact that plaintiffs decided to dismiss their lawsuit is of no consequence since the plaintiffs had filed suit against Target based on the sale and/or use of Inliten

goods and Target was required to defend itself.[18]

Target strongly disputes Inliten's position that the indemnification provisions of the contract are only triggered if its lights were proven to be the cause of the fire. Instead, Target argues that Inliten's position is not an accurate interpretation of the contract because the indemnification agreement contains no such limitation. In fact, Target contends the language in the agreement includes the broadest language possible since the contract provides that: "the intent of the parties hereto that all indemnity obligations be without limit..." Further, Target contends that Inliten agreed to assume and bargained for risk to assume and indemnify the cost of any claim or lawsuit arising from the sale of Inliten's product. In other words, it is Inliten's responsibility to indemnify Target because there is no requirement in the indemnity provisions which require a finding of causation against the Inliten product before the obligation to indemnify or defend Target becomes effective.

Target also notes that Hartford failed or refused to provide Target a defense as an additional insured under its Hartford policy although it is undisputed under the facts of this case that Inliten's product was on the Christmas tree which caught fire. Target claims that since it was as an additional insured under the

---

[18]It is clear under Louisiana and federal law that if a defendant fails to defend itself in a lawsuit, a default judgment could be entered against it.

policy, Target was entitled to a defense under the explicit terms of the Hartford policy which provides at page 1 of the Commercial General Liability Coverage Form as follows:[19]

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Target notes that the Inliten lights were the only lights on the tree which were bought from Target. Thus, if Inliten had been directly named as a defendant in the original complaint, Hartford would have had an absolute duty to defend Inliten in this suit. According to Target, Hartford cannot deny that Target was sued as a result of the placement of the Inliten product on the tree. This is particularly so since the insurance contract applies to Inliten's product and does not require any proof that the Inliten product be defective in order for the policy to be applicable.[20]

Target also contends it was entitled to a defense from

_____

[19]Rec. Doc. No. 34-6 (Exhibit D).

[20]It is doubtful that Inliten would have bought a policy which would only cover it and defend it if it was liable. Inliten would have to defend itself in the suit to ensure a judgment would not be rendered against it and it expected Hartford to defend it against any suit brought against it whether or not there was or was not a case of liability against it. The language of the agreement between Target and Inliten clearly indicates that Target would be indemnified and defended in any suit brought against Target whether Target was cast in judgment or not.

Hartford under the Supplemental Payments of the Hartford policy. Part 2 of the Supplemental Payments provisions provides that if Hartford defended an insured and an indemnitee was also named as party to the suit, it would defend the indemnitee if certain conditions were met. It is clear from the facts of this case that Hartford never offered Target a defense under those conditions even though all of the conditions required under the policy were met. Since the suit was a result of a sale and purchase of Inliten's product, Target argues that the insurance coverage at issue clearly applied under the Supplemental Payments provisions of the policy.

Considering the original petition, Target's third party demand, the specific language in the indemnification agreement between Target and Inliten, the answers of Hartford and Inliten, and the clear language in Hartford's insurance policy, Target contends, and the Court agrees, there was an obligation to defend and indemnify Target under the law and facts of this case. Thus, Target strongly argues Hartford and Inliten's obligation to defend Target was triggered at the time the suit was filed. Finally, Target notes that Hartford has failed to set forth any provisions of its policy which unambiguously exclude coverage to Target. Once again, the Court agrees with Target's contentions.

Inliten and Hartford oppose Target's argument that since Inliten's lights "happened" to be on the tree, the contractual provisions are triggered. They contend no proof exists that

Inliten's lights had anything to do with the origin and cause of the fire.  In similar cases, they argue that in interpreting the term "arising out of," courts have held that the term should be analyzed with a common sense interpretation and the law pertaining to causation.  Further, Inliten and Hartford contend that simply because Inliten's lights fortuitously happened to be on this tree would require much stronger and clearer contractual language for them to be held liable for indemnity and defense purposes.  Inliten and Hartford argue the terms of the contract are ambiguous, and since ambiguity is construed against the drafter (Target), liability cannot be found against them under the facts of this case.  Specifically, defendants contend that, "to attempt to hold Inliten responsible for a fire that occurred on a tree simply because Inliten's lights, along with the lights of other manufacturers, fortuitously happened to be on the tree, would require contractual language much stronger and clearer than the wording at issue."[21]  The Court finds the contract is not ambiguous and the clear language of the contract negates the defendant's arguments.

The Court also finds that Target was entitled to a defense to the original suit, and the obligations to defend and indemnify became effective at the time the original suit was filed.  Thus, the Court finds Target is entitled to be indemnified for the costs

---

[21]Rec. Doc. No. 33-2, p. 4.

it incurred in defending this case under both the agreement and Hartford's policy.

The Court now turns to a discussion of the applicable jurisprudence which applies in this case.

## D. Applicable Jurisprudence

In Louisiana, there are a few basic rules regarding an insurer's obligation to defend its insured. First, an insurer's obligation to defend suits against its insured is broader than its liability for damage claims, such that the duty to defend is determined by the allegations in the injured plaintiff's petition and not necessarily about whether the suit has any merit.[22] Second, insurers are obligated to provide a defense unless the language in the lawsuit and in the policy unambiguously excludes coverage.[23] Third, while the insured bears the burden of proving the existence of the policy and coverage, *i.e.*, the requirements for coverage,[24] the insurer bears the burden of proving the existence of policy limits or exclusions.[25] Finally, any ambiguity in the insurance

---

[22]*Adams v. Pro Sources, Inc.*, 231 F.Supp.2d 499, 502 (M.D. La. 2002), citing *Am. Home Assurance Co. v. Czarniecki,* 255 La. 251, 230 So.2d 253, 259 (La. 1969).

[23]*Id.*, citing *Czarniecki*, 230 So.2d at 259.

[24]*Id.*, citing *Tunstall v. Stierwald*, 809 So.2d 916, 921 (La. 2002)(citing *Collins v. New Orleans Pub. Serv., Inc.*, 234 So.2d 270 (La. Ct. App. 4th Cir. 1970)).

[25]*Id.*, citing *Tunstall*, 809 So.2d at 921 (citing *Mass. Protective Ass'n v. Ferguson*, 168 La. 271, 121 So. 863 (La. 1929)).

contract is construed in favor of the insured.[26]

The Louisiana Supreme Court recently addressed the issue of the insurer's obligation to defend and indemnify an insured in *Suire v. Lafayette City-Parish Consolidated Government*.[27] The court set forth the following:

> ...We observe, at the outset, that the scope of the duty to defend under an insurance agreement is broader than the scope of the duty to provide coverage. *Steptore v. Masco Const. Co.*, 93-2064 (La. 8/18/94), 643 So.2d 1213, 1218. ... Thus, the duty to defend does not depend upon the outcome of the suit, as it does where the purported source of the duty is an indemnity agreement; rather, where the pleadings disclose "even a possibility of liability" under the contract, the duty is triggered. *Id.*[28]

Although the Supreme Court's opinion clearly resolves the issue in this case, the Court believes a Louisiana Fourth Circuit Court of Appeal case sets forth in more detail the separate duty and obligation of an insurer to defend a lawsuit and its obligation to indemnify a party.

In *Grimaldi Mechanical, L.L.C. v. The Gray Insurance Company*, the issue before the Court was whether an insurer had a duty to defend a contractor.[29] Grimaldi, after being placed in default in

---

[26]*Id.*, citing *Percy v. Safeguard Ins. Co.*, 460 So.2d at 727 (citing *Jennings v. La & S. Life Ins. Co.*, 280 So.2d at 300.).

[27]2004-1459 (La. 4/12/05), 907 So.2d 37.

[28]*Id.* at 51-52.

[29]2005-0695 (La. App. 4 Cir. 6/2/06), 933 So.2d 887.

a contract, filed a declaratory judgment action seeking to enforce its rights under a construction contract. LSU-UNO filed a reconventional demand seeking damages for alleged defective workmanship and negligence by Grimaldi which resulted in damage to the piping system and surrounding ground and soil.[30]

Grimaldi forwarded the reconventional demand pleading to its insurer, Gray Insurance Company, based on a commercial general liability policy which had been issued to Grimaldi by Gray. After initially agreeing to assume Grimaldi's defense, Gray later changed its position because it argued the pleadings filed by LSU-UNO did not contain any allegation of property damage which would have triggered coverage under the terms of the policy.[31] The district court granted summary judgment in favor of Gray, and Grimaldi appealed.[32]

After addressing general Louisiana law provisions on the interpretation of insurance contracts, the Court stated, "when interpreting an insurance contract, courts must attempt to discern the common intent of the insured and the insurer."[33] The *Grimaldi* court quoted a previous ruling in *Mossy Motors, Inc. v. Cameras*

---

[30]*Id.* at 889.

[31]*Id.* at 890.

[32]*Id.*

[33]*Id.* at 891, citing LSA-C.C. art. 2045.

*America*,[34] which held:

> Generally, an insurer's duty to defend lawsuits against its insured is broader than its liability for damage claims. The duty to defend is determined by the allegations of the plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. *Yount v. Maisano*, 627 So.2d 148 (La. 1993); *Matheny v. Ludwig*, 32,288 (La. App. 2 Cir. 9/22/99), 742 So.2d 1029. Thus, assuming all the allegations of the petition to be true, if there would be both coverage under the policy and liability to the plaintiff, the insurer must defend the lawsuit regardless of its outcome. *Yount, supra.; Matheny, supra.* **The duty to defend arises whenever the pleadings against the insured disclose even a possibility of liability under the policy.** *Steptore v. Masco Const. Co., Inc.*, 94-2064 (La. 8/18/94), 643 So.2d 1213; *Yarborough v. Federal Land Bank of Jackson*, 31,815 (La. App. 2 Cir. 3/31/99), 731 So.2d 482.[35]

> \* \* \*

> The issue of whether a liability insurer has the duty to defend a civil action against its insured is determined by application of the eight-corners rule, under which an insurer must look to the four corners of the plaintiff's petition and the four corners of its policy to determine whether it owes that duty. *Vaughn v. Franklin*, 00-0291, p. 5 (La. App. 1 Cir. 3/28/01), 785 So.2d 79, 84. Under this analysis, the factual allegations of the plaintiff's petition must be liberally interpreted to determine whether they set forth grounds which raise even the possibility of liability under the policy. *Id.*[36]

The court also noted that in its decision in *Bryant v. Motwani,* that pleadings were defined as "petitions, exceptions,

---

[34]04-0726 (La. App. 4 Cir. 3/2/05), 898 So.2d 602, *writ denied*, 05-1181 (La. 12/9/05), 916 So.2d 1057.

[35]*Grimaldi*, 933 So.2d at 891, quoting *Mossy Motors*, 898 So.2d at 606 (emphasis by *Grimaldi* court).

[36]*Id.* at 891, quoting *Mossy Motors*, 898 So.2d at 606-607.

written motions, and answers."[37]   When considering the *Bryant* decision, the Fourth Circuit stated that "pleadings, and the allegations contained therein may be expounded upon by other pleadings.  Furthermore, our jurisprudence has also determined that '[a]n insurer's duty to defend arises whenever the **pleadings against the insured disclose even a possibility of liability under the policy**.'"[38] The district court's decision was reversed.

Thus, there are two separate issues before the Court:

(1) Did Inliten and its insurer, Hartford, have a legal and contractual duty to defendant Target against the obligations in the original complaint?

(2) Is Target entitled to be indemnified for its costs to defend the original suit?

Applying the law and jurisprudence set forth above and the clear meaning of the contract provisions discussed above to the facts of this case, it is clear that Target's motion for summary judgment should be granted, and the motion for summary judgment filed by Inliten and Hartford should be denied.

The Court must give the plain, common-sense meaning to the

---

[37]*Id.* at 892, citing *Bryant*, 96-1351 (La. App. 4 Cir. 10/30/96), 683 So.2d 880, 884.

[38]*Id.* at 892, citing *Sullivan v. Franicevich*, 04-0321 (La. App. 4 Cir. 3/9/05), 899 So.2d 602, 608, citing *Steptore v. Masco Const. Co., Inc.*, 93-2064, pp.8-9 (La. 8/18/94), 643 So.2d 1213, 1218 (citing *Meloy v. Conoco, Inc.*, 504 So.2d 833, 838 (La. 1987))(emphasis added by *Grimaldi* court).

words of the contractual provisions at issue in this case. First, the Court finds that the terms "arising out of ... the sale or use" of Inliten's product was triggered since this litigation does arise out of the sale or use of the Inliten lights and there was a legal and factual possibility that Target could have been liable under the terms of the original suit filed by the plaintiffs. Simply put, the Court finds that since the original plaintiffs alleged that the Inliten lights had been on the original plaintiffs' Christmas tree and caused the fire, there was a clear possibility of liability under the language of the original complaint. Inliten and Hartford have presented no evidence to dispute this fact other than the suit was ultimately dismissed by the original plaintiffs. However, it is clear that Target's effective defense of the case was a strong reason which caused plaintiffs to dismiss their suit. Thus, the Court finds Inliten and Hartford should have defended Target under the terms of the contract and insurance policy under the law and facts of this case.

The Court must now determine whether Target should be indemnified for the legal and other costs incurred in defending this action. It is clear that Target's request to Hartford for a defense was denied by Inliten and Hartford despite the fact that there was a possibility Target could have been case in judgment. Thus, the Court finds Target is entitled to be indemnified for the attorney's fees and other costs it incurred in defending the

original suit.

The language in the contract states that the indemnity obligations are "without limit." This language is not ambiguous; rather, its meaning is very clear and specific. Inliten contracted with Target to assume this obligation should Target be involved in litigation arising out of the sale or use of its product, and its indemnification obligations were without limit. Therefore, Inliten was obligated under the terms of the contract to indemnify Target for this litigation. Since Target was also an additional insured under the clear language of the Hartford policy, Hartford is also responsible to indemnify Target for the attorney's fees and costs Target incurred in defending the original suit.

The law requires that an insurer bears the burden for proving the existence of policy limits or exclusions. It also requires that the petition and other pleadings unambiguously relate to a provision in the policy which excludes coverage before Hartford can be relieved of its obligations under its policy. Hartford has presented no evidence or meritorious legal argument which proves coverage was unambiguously excluded under the facts of this case. Instead, Hartford erroneously contends that the words "arising out of" are to be read to imply causation. However, the law is clear that in terms of a duty to defend, causation and liability are not required to trigger the insurer's obligation to defend Target under the terms of the contract and the policy. Under the clear language

of Target's third party demand against Inliten and Hartford, there was clearly "a possibility of liability under the policy" against Target such that Hartford had a duty to defend Target as an additional insured under Hartford's policy with Inliten. Since Hartford failed to defend Target when Target tendered its request for a defense, Hartford is now liable under the terms of the insurance contract to indemnify and reimburse Target for the attorney's fees and costs it incurred in defending the original suit.

## III. Conclusion

For the reasons set forth above:

IT IS ORDERED that Target's motion for summary judgment be granted.

IT IS FURTHER ORDERED that Inliten and Hartford's motion for summary judgment be denied.

IT IS FURTHER ORDERED that the parties shall submit a proposed judgment to the Court within 14 days from the date of this ruling which incorporates the Court's ruling as to liability of the parties and the amount Target is to be reimbursed for its attorney's fees and costs of defending the original suit.

IT IS FURTHER ORDERED that should the parties fail to agree on the amount Target is to receive for defending the original suit, Target shall have 20 days from the date of this ruling to submit its evidence supporting the amount it seeks to recover. Inliten

and Hartford shall have 14 days after Target's evidence is submitted to the Court to file its opposition in specific terms. The Court expects the parties to engage in a good faith resolution of the amount to be awarded Target under this opinion. The Court reserves the right to impose sanctions on either or both parties found to be acting in bad faith.[39]

IT IS SO ORDERED.

Baton Rouge, Louisiana, March 24, 2011.

_____
FRANK J. POLOZOLA
MIDDLE DISTRICT OF LOUISIANA

---

[39]The Court has always believed that lawyers should be able to agree on an attorney's fee and expects the parties to try to resolve this issue without having the Court to engage in a lengthy trial to determine the amount Target is entitled to recover. The Court stands ready to meet with the parties to resolve the amount Target is due.